IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **KARZARTA M PIETT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 4:22-cv-00199-CDL-MSH |
| | : | |
| **Nurse SPENCE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Karzarta M. Piett, an inmate in the Muscogee County Jail in Columbus, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On January 19, 2023, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $5.71. Plaintiff was also advised that if he could no longer pay the required initial partial filing fee, he should submit a renewed motion for leave to proceed *in forma pauperis*, to include an updated prison trust fund account statement, explaining his inability to pay. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* Order, Jan. 19, 2023, ECF No. 4.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was also instructed to comply with

the Court's previous orders and instructions if he wished to proceed with his case. Plaintiff was again given fourteen (14) days to comply, and he was again advised that the failure to timely and fully comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* Order, Feb. 10, 2023, ECF No. 5.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 1st day of March, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.